JOHN L. ARMITAGE, PROSECUTOR-RESPONDENT, v. ESSEX CONSTRUCTION COMPANY AND THE MAYOR AND COMMON COUNCIL OF THE CITY OF NEWARK, DEFENDANTS-APPELLANTS.

Argued November 19, 1915—Decided March 6, 1916.

1. Where the contract of a public corporation is set aside for irregularity, there may be recovery as on a *quantum meruit* against such corporation for reasonable cost and expense incurred in the prosecution of the contract before legal attack, irrespective of any benefit derived therefrom.

2. *Wentink* v. *Freeholders*, 66 *N. J. L.* 65, followed and affirmed in part.

On appeal from the Supreme Court, whose opinion is reported in 87 *N. J. L.* 134.

For the appellant, *Herbert Boggs.*

For the respondent, *Fort & Fort.*

The opinion of the court was delivered by

PARKER, J. The principal facts are fully stated in the opinion of the Supreme Court, *ubi supra.* The present appeal is prosecuted by the Essex Construction Company.

Both sides rely, as to one phase of the case, upon the Supreme Court decision of *Wentink* v. *Freeholders*, 66 *N. J. L.* 65, followed by that court in *Central Electric Co.* v. *Street Lighting District*, 71 *Id.* 403, 407, and cited by this court, apparently with approval, in *State* v. *Kuehnle*, 85 *Id.* 220, 228. Counsel, however, do not agree as to the precise rule applied in that decision, and as we approve of it, so far as herein applicable, and consider it determinative of the present controversy, it is worth while to deal with it somewhat at length.

In that case, the county had apparently unquestioned power to enter into a contract of the general character that was

awarded to Wentink. In the case at bar, such power is challenged. For present purposes we assume, but do not decide, that the power exists. From the statement of facts in the Wentink case it appears that when the writ of *certiorari* was finally allowed, Wentink had expended $525 in the "execution of the contract," and $75 more "in attempting to secure materials previously furnished, but the county derived no benefit from either expenditure." The court held that in a case where the making of the contract was induced by the fault of the municipality, and its performance prevented by *vis major,* the municipality, in case of its annulment, should answer as on a *quantum meruit,* for the work done thereunder, aside from any question of actual benefit received; and that while as a measure of the *quantum meruit* for work done, the contract rate should govern, in the absence of contrary proof, fair cost will be deemed an equivalent. We quote substantially the language of the opinion. The court then proceeded, in the case before it, upon a special finding of facts, to award to the contractor as plaintiff, not what the work done was worth to the defendant, but all the expense that the contractor had been put to, with interest. The expense was $525, plus $75, and the remainder of $130, making up $730, evidently consisted of the interest for nearly four years intervening between the expenditure and the trial. The rule actually applied, therefore, and adopted by us for the decision of this case, was reimbursement to the contractor of the reasonable expense to which he had actually been put in carrying out the contract, so far as he had gone with it, until stayed by act of the court. Whether, in the case of a contract based on unit prices, the recovery should be according to those prices when the amount of work done was made to appear, or whether, in case of a lump sum contract (such as the one in this case), the recovery should be the percentage of the contract price corresponding to the percentage of completion (as might be argued from the phrase that "the contract rate should govern"), are propositions to which we must reserve our assent, as they are not involved in this case. The rule adopted by the court below, at the end of its opinion, is that of "the

fair cost he (*sic*) has been put to in (partially) executing an invalid contract, assuming he was without fault." Appellant's counsel contends in his brief that under the Wentink case appellant was entitled to reimbursement for its expenditures. The propositions are substantially identical with that that we have just laid down, always assuming the municipal power to contract, and that the contractor was without fault. It remains, then, to apply the rule.

The resolution brought up directed payment of a bill containing these items:

| | |
|---|---:|
| Excavating five thousand two hundred and eighty yards earth at one dollar.. | $5,280.00 |
| Bond | 3,313.50 |
| Iron and steel work | 14,227.00 |
| Removing fifty-five thousand eight hundred and seventy-five granite blocks.. | 1,252.80 |
| Services of watchman | 575.00 |
| Erecting fence | 455.85 |
| Engineering and surveying | 260.00 |
| | $25,364.15 |

The Supreme Court held that the resolution undertakes to pay the contractor a sum in excess of the fair cost it had been put to in prosecuting the work. This finding is amply supported by the evidence. It was shown that the actual cost to the contractor of excavating was only seventy cents; that the charge for iron and steel work included ten per cent. to the contractor over and above the amount for which it was liable to the iron works; that the same percentage, plus an extra $100, was added in the granite block item. The other items are also attacked, but we need not take time to discuss them. Enough has been said to show that with regard to the legal rule, the bill was grossly padded, and, consequently, the resolution for its payment was properly set aside on that ground. This makes it unnecessary to deal with the other questions argued. The judgment of the Supreme Court will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GAR-
RISON, SWAYZE, PARKER, MINTURN, KALISCH, TERHUNE,
HEPPENHEIMER, WILLIAMS, TAYLOR, JJ.   11.

*For reversal*—None.